Filed 7/24/25  P. v. Martinez CA2/7

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SEVEN

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>EDWARD SYDNY MARTINEZ,<br><br>    Defendant and Appellant. | B336715<br><br>(Los Angeles County<br>Super. Ct. No. BA514521) |

APPEAL from a judgment of the Superior Court of Los Angeles County, David V. Herriford, Judge.  Affirmed.

Evan D. Williams, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

_____

On December 5, 2023 a jury found Edward Sydny Martinez guilty of assault with a deadly weapon.  The trial court sentenced Martinez to three years in state prison, and Martinez appealed.  No arguable issues have been identified following review of the

record by appointed appellate counsel or our own independent review.  We affirm.

**FACTUAL AND PROCEDURAL BACKGROUND**

In April 2023 Andre Avarra lived with family members in the attic of a house in Los Angeles.  Martinez lived on the first floor of the house.  Avarra had lived in the house for about three months.  On April 28 Avarra returned home from a nightclub around 5:00 a.m. and decided to sleep on a couch on the front porch.  At around 6:15 a.m. Avarra woke up when he felt something warm on his side, and he tried to get up quickly.  He took a quilt off his head and saw that Martinez was stabbing him.  Martinez stabbed him three times, once on his left side, and then below his left and right shoulders.  It looked like Martinez was using something like an ice pick with a black handle.

After the first three stabs, Martinez overcame Avarra and sat on top of him with a larger knife that Martinez pulled from his back pocket.  The knife looked like a kitchen knife; it was about 12 inches long with a six-inch blade.  Martinez held the knife at Avarra's throat, then Avarra grabbed the knife by the blade with both of his hands.  Martinez directed him to let go of the knife "so he can kill [him]."  Avarra fell to the ground, then bit Martinez's hand to gain hold of the knife; Martinez responded by biting Avarro on the back.  Avarra started "hollering for help," and the woman who owned the house came out to the porch.  The woman had a broom and started hitting Martinez with it.  Martinez jumped up and ran out through the gate.  Avarra ran for help, but when he got to the side of the house, he saw Martinez, who came at Avarra again with the same knife.  Avarra put his foot up to defend himself, and Martinez stabbed

him in his leg.  Martinez then dropped the knife and picked up a large rock the size of a small football and threw it at Avarra.  The rock grazed Avarra's head.  Martinez then picked up a cement block.  Someone called out, and Martinez dropped the rock and ran.

Martinez was charged in an amended information with one count of assault with a deadly weapon (Pen. Code, § 245, subd. (a)(1)), with an allegation that Martinez personally inflicted great bodily injury on Avarra (*id*., § 12022.7, subd. (a)).

On July 12, 2023 the trial court denied Martinez's motion to replace his appointed counsel under *People v. Marsden* (1970) 2 Cal.3d 118.  On August 4 counsel for Martinez declared a doubt as to Martinez's mental competence.  The court suspended the criminal proceedings and ordered Martinez to undergo a psychiatric evaluation.  Following the evaluation, the court found Martinez mentally competent to stand trial.

On December 5, 2023 the jury found Martinez guilty of assault with a deadly weapon.  However, the jury found not true that Martinez personally inflicted great bodily injury on Avarra.  The trial court sentenced Martinez to the middle term of three years, with 533 days of presentence credit.  The court found Martinez was indigent and waived all fines and fees.  Martinez timely appealed.

## DISCUSSION

We appointed counsel to represent Martinez in this appeal.  After reviewing the record, counsel filed a brief raising no issues.  Appointed counsel submitted a declaration signed on April 14, 2025 stating he sent a letter to Martinez's last known address advising Martinez that he could personally submit any

contentions or issues he wanted the court to consider.  Appointed counsel also sent Martinez the transcripts of the record on appeal and a copy of the appellate brief.  On April 15 this court sent Martinez a notice that "[w]ithin 30 days of the date of this notice, appellant may submit a supplemental brief or letter stating any grounds for an appeal, or contentions, or arguments which appellant wishes this court to consider."  We have received no response from Martinez.

We have examined the record and are satisfied appellate counsel for Martinez has complied with counsel's responsibilities and there are no arguable issues.  (*Smith v. Robbins* (2000) 528 U.S. 259, 277-284; *People v. Kelly* (2006) 40 Cal.4th 106, 118-119; *People v. Wende* (1979) 25 Cal.3d 436, 441-442.)

## DISPOSITION

The judgment is affirmed.

FEUER, J.

We concur:

SEGAL, Acting P. J.

STONE, J.

4